UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$213,159.84 IN U.S. FUNDS, AND ANY ACCRUED INTEREST,<br><br>$5,708 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST,<br><br>and,<br><br>ONE 2015 CHEVROLET CORVETTE, WASHINGTON LICENSE PLATE BEZ4000, VIN: 1G1YS3D62F5606756<br><br>Defendants. | CASE NO.  CV21-1315<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

## I.    NATURE OF THE ACTION

1.    This is a civil *in rem* action for the forfeiture of the following property:

a.    $213,159 in funds seized by the Federal Bureau of Investigation ("FBI") on April 22, 2021, in Seattle, Washington, from a Bank of America ("BOA") account ending in -9110, held in the name EMC Enterprises LLC (the "BOA Funds");

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. $5,708 in U.S. currency, seized on April 7, 2021 from a residence of Eugene McGee ("McGee") at 29112 9th Place South, Federal Way, Washington ("McGee's Residence") by the FBI (the "Currency"); and,

c. One 2015 Chevrolet Corvette, Washington license plate BEZ4000, VIN: 1G1YS3D62F5606756, seized on April 7, 2021 from McGee's Residence by the FBI (the "Corvette").

## II.    LEGAL BASIS FOR FORFEITURE

2.    The BOA Funds are forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances).  Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance at trial, that the BOA Funds represent proceeds from the sale of controlled substances and/or attempt or conspiracy to distribute controlled substances.

3.    The BOA Funds are also forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) for violations of 18 U.S.C. § 1956 (money laundering and/or conspiracy to launder money).  Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance at trial, that the BOA Funds were generated in violation of 21 U.S.C. § 841, *et seq.* (a "specified unlawful activity" pursuant to 21 U.S.C. §1956(c)(7)(D)); that the BOA Funds were used to buy, repair, and sell houses; and, that the BOA Funds were deposited into the BOA account ending -9110 with the knowledge that such transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and/or control of the proceeds of the specified unlawful activity.

4.    The Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances).  Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance at

Verified Complaint for Forfeiture *In Rem* - 2
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  trial, that the Currency represents proceeds from the sale of controlled substances and/or

2  attempt or conspiracy to distribute controlled substances.

3       5.    The Corvette is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations

4  of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or

5  conspiracy to distribute controlled substances).  Specifically, counsel for the United

6  States has a reasonable belief the government will be able to prove, to a preponderance at

7  trial, that the Corvette represents proceeds from the sale of controlled substances and/or

8  attempt or conspiracy to distribute controlled substances

9  **III.    JURISDICTION AND VENUE**

10       6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345

11  (United States is plaintiff) and 1355(a) (action for forfeiture).

12       7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts

13  giving rise to the forfeiture occurred in this district) and 28 U.S.C. §§ 1395(a) and (b)

14  (the BOA Funds, the Currency, and the Corvette were seized in this district).

15       8.    Pursuant to a civil and criminal forfeiture seizure warrant issued on April

16  22, 2021 in the Western District of Washington, Cause No. 21-MC-049, and executed the

17  same day, the FBI took custody of the BOA Funds.  The BOA Funds are now in the

18  custody of the United States Marshals Service.

19       9.    Pursuant to a search warrant issued on March 31, 2021 in the Western

20  District of Washington, Cause No. MJ21-182(39), and executed on April 7, 2021, the FBI

21  took custody of the Currency and the Corvette.  The Currency and the Corvette are now

22  in the custody of the United States Marshals Service.

23      10.    As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required

24  to issue a warrant to arrest the BOA Funds, the Currency, and the Corvette if they are in

25  the government's possession, custody, or control.  As such, the Court will have *in rem*

26  jurisdiction over the BOA Funds, the Currency, and the Corvette when the accompanying

27  Warrants of Arrest *In Rem* are issued, executed, and returned to the Court.

28  //

Verified Complaint for Forfeiture *In Rem* - 3
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.   FACTUAL BASIS FOR FORFEITURE

11.     The BOA Funds, the Currency, and the Corvette were seized in connection with the investigation of Michael Walker ("Walker") and a large Drug Trafficking Organization ("DTO") associated with him.  The Walker DTO was believed to be distributing significant amounts of cocaine, crack cocaine, unlicensed marijuana, and other controlled substances in the Western District of Washington, in violation of 21 U.S.C. §§ 841, 846, 843(b), and related crimes.  Using confidential source information and traditional investigative techniques, agents[1] identified several individuals, including McGee, who were involved in trafficking and distributing drugs in this District through the DTO.

12.     On March 31, 2021, the Honorable Mary Alice Theiler, Magistrate Judge for the Western District of Washington, issued multiple search warrants in connection with this investigation.  These included search warrants for McGee, McGee's Residence, and vehicles.  *See* MJ21-182 (39)-(40).  On April 7, 2021, agents executed the warrants.  McGee was present at his residence at the time of the search.

13.     On April 22, 2021, the Honorable Michelle L. Peterson, Magistrate Judge for the Western District of Washington, issued a dual civil and criminal forfeiture seizure warrant for the BOA Funds; they were seized by the FBI the same day.  *See* 21-MC-049.

### Seizure of the Currency, the Corvette, and the BOA Funds

14.     The Currency and the Corvette were seized from McGee's Residence.  The Corvette is registered to EMC Enterprises LLC at the McGee Residence.

15.     During the execution of the warrants, an officer and his certified controlled substance detection canine partner searched McGee's Residence and the vehicles located

---

[1] The term "agents" and "investigators" refers to law enforcement personnel, including but not limited to FBI agents and intelligence personnel, Drug Enforcement Administration ("DEA") agents, Internal Revenue Service ("IRS") agents, task force officers, and Seattle Police Department ("SPD") sergeants, detectives, and officers.

Verified Complaint for Forfeiture *In Rem* - 4
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | there.  The controlled substances detection canine demonstrated positive alerts on, among

2 | other locations, the master bedroom closet and a nightstand in the master bedroom.

3 |      16.    Individuals who regularly handle controlled substances often leave the

4 | scent of controlled substances on other items they handle, including currency from

5 | narcotics sales/proceeds, thereby transferring the odor of the controlled substances to

6 | those items.  Controlled substance detection canines are trained to alert on these

7 | substances.

8 |      17.    In McGee's Residence, agents located fifty $100 bills, totaling $5,000, in

9 | the pocket of a coat in the master bedroom closet.

  

18 |      18.    Agents seized $708 from McGee's wallet.



27 | //

Verified Complaint for Forfeiture *In Rem* - 5
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19.     Agents seized the Corvette, which was parked in the garage of McGee's Residence.  Registration documents reflect the Corvette is registered to McGee.





20.     Pursuant to a forfeiture seizure warrant, the FBI seized the BOA Funds on April 22, 2021.

*Administrative Forfeiture Proceedings*

21.     After agents seized the Currency, the BOA Funds, and the Corvette, the FBI initiated administrative forfeiture proceedings against them pursuant to 19 U.S.C. § 1607-09, by way of 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d), as proceeds of the distribution of controlled substances and/or moneys furnished or intended to be furnished for the purchase of controlled substances in violation of 21 U.S.C. §§ 841 and 846.

22.     On May 28, 2021, as part of those administrative proceedings, the FBI sent notice of the pending forfeiture of the Currency and the Corvette to all identified

Verified Complaint for Forfeiture *In Rem* - 6
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

potentially interested parties, including McGee and EMC Enterprises, LLC, as required by 18 U.S.C. § 983(a)(1).

23.     On or about June 10, 2021, as part of those administrative proceedings, the FBI sent notice of the pending forfeiture of the BOA Funds to all identified potentially interested parties, including McGee and EMC Enterprises, LLC, as required by 18 U.S.C. § 983(a)(1).

24.     On June 29, 2021, McGee submitted administrative claims to the Currency, the BOA Funds, and the Corvette.  In his claims, Defendant McGee asserted, "All of the property seized was legally mine, bought by me with legal funds, and is not subject to forfeiture."  He also stated that he "[w]ill provide proof of valid ownership after gathering records."  McGee has provided no other information or documents.

*Washington State's Marijuana Regulatory Scheme*

25.     In the state of Washington, marijuana can only be sold and purchased at state-licensed retail stores.  See RCW Chapter 69.  Growing marijuana for sale is illegal is Washington.  Id.  The Washington state marijuana regulatory scheme authorizes separate licenses for (a) growing marijuana ("producer license"), (b) selling marijuana at a retail store ("retailer license"), and (c) processing marijuana ("processor license").  *See* RCW 69.40.325.

26.     The Washington State Liquor and Cannabis Board ("WSLCB") reports that McGee does not hold a Washington marijuana producer, processor, or retailer license.

*McGee's Drug Trafficking and Money Laundering*

27.     McGee has federal felony convictions for distribution of cocaine and possession with intent to distribute cocaine.  McGee also has state felony convictions for transporting/selling narcotics.

28.     Based on investigation, including surveillance and interception of wire and electronic communication interceptions, agents identified McGee as a distributor of controlled substances, including cocaine, to other members of the Walker DTO.  Using physical and electronic surveillance, agents observed McGee meet with Collins before

Verified Complaint for Forfeiture *In Rem* - 7
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 │ and after Collins conducted narcotics transactions.  Agents also reviewed intercepted
2 │ communications in which McGee discussed his drug trafficking with other members of
3 │ the DTO, including Larry Collins ("Collins") and Randolph Brown ("Brown").

4 │     29.    Based on investigation, including intercepted communications and review
5 │ of financial documents, agents observed that McGee laundered proceeds from his drug
6 │ trafficking through purchase, renovation, and resale of real property.  McGee discussed
7 │ his money laundering practices on calls intercepted by agents, including how to clean
8 │ drug proceeds through buying properties with dirty money, then flipping and either
9 │ renting or selling them to obtain "clean" money.  During one intercepted call, McGee
10 │ recommended doing this in other states, "you got to find a hard money launderer that
11 │ does them out of different states" and that "some do them in just Washington, some do
12 │ them in 30 states, some do them all over, just depends . . ."

13 │     30.    In another intercepted call, McGee explained how he bought a house for "5
14 │ something [$500,000]" and put "under $200,000 in it" fixing up the house and how he
15 │ plans to sell the house for "about $1.2, $1.25... or $1.3 million."  Later in the call, McGee
16 │ discussed how he got "to take them little coins I got now [from drug trafficking] and just
17 │ try to invest it the right way and keep me going.  So I was like f##k it, if I get me a few
18 │ properties and they do good or whatever, I don't get nothing else, shoot that will take me
19 │ out until I go."

20 │ ***McGee's Sources of Income***

21 │     31.    Washington State Employment Security Department records reflect no
22 │ wages reported for McGee in the state of Washington from January 1, 2009 through
23 │ December 31, 2020 and that he earned a total of $4,311.82 in 2008 from a business called
24 │ West Courier Express.

25 │     32.    McGee is also associated with several business entities.  These include:
26 │         a.    EMC Enterprises LLC.  Washington State Office of the Secretary of
27 │ State documents reflect that it is an active business with a principal office located at 502
28 │

Verified Complaint for Forfeiture *In Rem* - 8
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rainier Avenue South, Suite 103, Seattle, Washington. McGee's Residence is the identified mailing address and McGee is the identified governing person.

   b. Dawn Meadows 6 LLC. Washington State Office of the Secretary of State records reflect that this entity was incorporated on January 22, 2018 and administratively dissolved on June 3, 2019.

***Public Databases and Records***

  33. In addition to the intercepted telephone calls in which McGee discussed the laundering of drug trafficking proceeds through the buying and selling of real estate, public records indicate that McGee is the direct or beneficial owner of several real properties. In December 2020, investigators queried public databases and determined that McGee owns multiple real property assets, to include:

| Address | Appraised Value | Purchase Date |
|---|---|---|
| 29112 9th Place South Federal Way, Washington | $804,000 | 04/2018 |
| 12038 1st Avenue South Seattle, Washington | $297,000 | 10/2019 |
| 1122 Dawson Street Seattle, Washington | $536,000 | 11/2018 |
| 1168 West 9th Street Jacksonville, Florida | $83,054 | 03/2014 |

  34. The real property located at 12038 1st Avenue South, Seattle, Washington was sold via quit-claim deed from "EMC Enterprises LLC" to "Eugene McGee" on July 31, 2019.

  35. The real property located at 1122 Dawson Street, Seattle, Washington was sold via quit-claim deed from "Dawn Meadows 6, LLC."

  36. According to Duval County tax records, the property located at 1168 West 9th Street, Jacksonville, Florida is owned by McGee, with a mailing address at 24804 110th Court Southeast, Kent, Washington.

  37. McGee has an affiliation with other real property assets located in the Jacksonville, Florida metropolitan area, to include: 221 East 3rd Street, Jacksonville,

Verified Complaint for Forfeiture *In Rem* - 9
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Florida, and 1127 North Liberty Street, Jacksonville, Florida.  According to Duval County tax records, these two properties are owned by "BUTLER FRANK ET AL."  The mailing address for both properties is listed as "BUTLER FRANK ET AL" and "MCGEE EUGENE" at 126 East 5th Street, Jacksonville, Florida.

38.     McGee did not have any legitimate source of income to fund his real estate activity during the relevant time period, which includes the purchase over the last three years of three properties totaling more than $1.6 million in appraised value.  This lack of reported income is grossly disproportionate with McGee's apparent lifestyle and the value of assets his owns, and does not appear to reflect his actual income acquired through drug trafficking.

39.     McGee has engaged in multiple financial transactions which are designed to disguise or conceal the nature, location, source, ownership, and/or control of proceeds of unlawful drug trafficking activity.

40.     McGee purchased the McGee Residence from Max Property Enterprise LLC in April 2018 for approximately $785,000.  He made two deposits toward the purchase:  an earnest money payment of $15,000 by Wells Fargo Bank N.A. cashier's check on March 8, 2018 and a second payment of $308,359.21 by wire transfer from Wells Fargo Bank, N.A. (account XXXXX1076) on April 13, 2018.  He also took out a $471,000 note from East West Bank on April 11, 2018,

41.     A Promissory Note dated February 2018, recovered from McGee's Residence, reflects a loan of $250,000 from Ngoc Pham and Wayne Nguyen, "to buy the house located at 29112 9th PL South, Federal Way, WA 98003" (the McGee Residence).

42.     In February 2018, funds deposited into bank accounts registered to Kaizen "Wayne" Nguyen, Ngoc Thi Bich Pham, and others (collectively, the "Nguyen/Pham Accounts"), were used to fund at multiple personal and cashier's checks, payable to McGee, totaling more than $300,000.  In the period leading up to the issuance of these cashier's checks, over $300,000 in round-dollar deposits were made into the Nguyen/Pham Accounts.  Those who engage in drug trafficking and the laundering of

Verified Complaint for Forfeiture *In Rem* - 10
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

proceeds of drug trafficking often transfer round-dollar amounts through financial accounts, which is atypical of normal business transactions.

43.     Hung Minh Nguyen and Ngoc Thi Bich Pham were arrested in Wyoming in 2018, after investigators stopped a vehicle in which they were occupants.  The vehicle smelled strongly of marijuana during the traffic stop.  Investigators executed a search of the vehicle and seized approximately 100 pounds of marijuana from the rear of the vehicle.  Hung Minh Nguyen told investigators that he had been hired by his brother, Kaizen Nguyen, to drive the marijuana from Seattle, Washington to purchasers in North Carolina, for which he would be paid $15,000 to $18,000.

44.     Additionally, the search of McGee's Residence pursuant to a federal search warrant revealed bank records evidencing financial transactions consistent with money laundering activity.  During the search, agents seized two BOA customer receipts for the checking account ending in **-9110**, dated January 12, 2021, which showed a withdrawal of $9,500 in cash at 11:04 a.m., and then an immediate deposit of $9,500 in cash one minute later at 11:05 a.m.



Verified Complaint for Forfeiture *In Rem* - 11
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

45.     Individuals involved in criminal activities frequently generate large amounts of cash from their criminal activities.  One common method used to avoid the detection of both legal and illegal income is the use of "funnel" accounts, which involves the cash deposit in one area of the country and an immediate or near immediate withdrawal of funds in an area where the drug source of supply resides.  Many individuals involved in these illegal activities are aware of the CTR reporting requirements and take active steps to cause financial institutions to fail to file CTRs by having many cash deposits and withdrawals under the $10,000 reporting requirement.  These active steps are often referred to as "smurfing" or "structuring" and involve making multiple currency deposits, in amounts $10,000 or less, to multiple banks and/or branches of the same bank on the same day, consecutive days, or within several days.

**The BOA Funds' Involvement in Money Laundering**

46.     The evidence uncovered by the investigation establishes that the BOA Funds were involved in and/or represent proceeds of McGee's money laundering activity.

47.     A BOA customer receipt for this checking account, dated April 2, 2021, showed an overall account balance of over $215,000.



48.     On April 20, 2021, McGee appeared before the Court for a detention hearing.  During the hearing, McGee, through his counsel, represented to the Court that the amount in the BOA checking account ending in -9110 of over $215,000 comprised proceeds from the sale of real property.  As set forth above, during wire interceptions of

Verified Complaint for Forfeiture *In Rem* - 12
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

McGee's cell phone, agents obtained evidence that McGee invested the proceeds from his drug trafficking in real estate.

***Criminal Indictment***

49.     On or about April 1, 2021, a grand jury returned a six-count indictment charging McGee and three co-conspirators – including Collins and Brown – with, among other offenses, distribution of controlled substances and conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846.  The United States is prosecuting those defendants in *United States v. McGee*, *et al.*, CR 21-058-JLR.

## V.     REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial.  More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, the BOA Funds, the Currency, and the Corvette represent proceeds from the sale of controlled substances and/or attempt or conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, which render them forfeitable pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States respectfully requests:

1.     A warrant issued for the arrest of the BOA Funds, the Currency, and the Corvette;

2.     That due notice be given to all interested parties to appear and show cause why the BOA Funds, the Currency, and the Corvette should not be forfeited;

//

//

//

Verified Complaint for Forfeiture *In Rem* - 13
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

3.   That the BOA Funds, the Currency, and the Corvette be forfeited to the
United States for disposition according to law; and

4.   For such other and further relief as this Court may deem just and proper.

DATED this 27th day of September, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney


KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2242
Krista.Bush@usdoj.gov

Verified Complaint for Forfeiture *In Rem* - 14
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**VERIFICATION**

I, Shawna McCann, am a Special Agent with the Federal Bureau of Investigation in Seattle, Washington.  I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*.  The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this 27th day of September, 2021.


SHAWNA MCCANN
Special Agent
Federal Bureau of Investigation

Verified Complaint for Forfeiture *In Rem* - 15
*United States v. $213,159.84 in U.S. Funds and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970